**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

*[ELECTRONICALLY FILED]*

| | |
|---|---|
| MICHAEL B. EASTER, | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| JASON HENDRIX, individually, | ) |
| and in his official capacity as an officer | ) |
| of the Shelbyville, Kentucky, Police | ) |
| Department, | ) |
| **Serve**: Shelbyville Police Department | ) |
| 303 Main Street | ) |
| Shelbyville, KY 40065 | ) |
| | ) |
| and | ) |
| | ) |
| AUSTIN SASSER, individually, | ) CIVIL ACTION |
| and in his official capacity as an officer | ) NO.  3:17-cv-218-DJH |
| of the Shelbyville, Kentucky, Police | ) |
| Department, | ) |
| **Serve**: Shelbyville Police Department | ) |
| 303 Main Street | ) |
| Shelbyville, KY 40065 | ) |
| | ) |
| and | ) |
| | ) |
| DANNY GOODWIN, individually, | ) |
| and in his official capacity as Chief | ) |
| of the Shelbyville, Kentucky, Police | ) |
| Department, | ) |
| **Serve**: Shelbyville Police Department | ) |
| 303 Main Street | ) |
| Shelbyville, KY 40065, | ) |
| | ) |
| **Defendants** | ) |
| | ) |

*****
**COMPLAINT**

1. Comes the Plaintiff, by counsel, and states as follows for his Complaint against the Defendants, Jason Hendrix, individually and in his official capacity as an

officer of the Shelbyville Police Department; Austin Sasser, individually and in his official capacity as an officer of the Shelbyville Police Department; and Danny Goodwin, individually and in his official capacity as Chief of the Shelbyville Police Department.

**JURISDICTION AND VENUE**

2.  The Plaintiff seeks damages from the Defendants under the Civil Rights Act of 1871, 42 U.S.C. § 1983, for the gross and unconscionable violations of the rights, privileges, and immunities guaranteed by the Fourth, Tenth, and Fourteenth Amendments to the United States Constitution. Additionally, the Plaintiff seeks damages from the Defendants for violations of § 10 and § 11 of the Kentucky Constitution, and for injuries arising from the common law torts of malicious prosecution, false imprisonment, assault, battery, and outrage. Accordingly, this Court has jurisdiction of this case pursuant to the provisions of 28 U.S.C. §§ 1331, 1343, and 1367. Shelby County, Kentucky, is the location of all acts pertinent to this suit, and venue is, therefore, proper in this Court.

**PARTIES**

3.  The Plaintiff was a resident of Shelby County, Kentucky, at the time of the above-mentioned, and below-detailed, conduct of the Defendants.

4.  The Defendant, Officer Jason Hendrix, was at all times mentioned herein employed by the Shelbyville Police Department and, individually and in his official capacity, intentionally, wantonly, and/or recklessly violated the clearly established federal constitutional rights of the Plaintiff, and intentionally, wantonly, recklessly,

2

grossly negligently, and/or negligently violated the state constitutional rights of the Plaintiff – also violating his common law rights.

5. The Defendant, Officer Austin Sasser, was at all times mentioned herein employed by the Shelbyville Police Department and, individually and in his official capacity, intentionally, wantonly, and/or recklessly violated the clearly established federal constitutional rights of the Plaintiff, and intentionally, wantonly, recklessly, grossly negligently, and/or negligently violated the state constitutional rights of the Plaintiff – also violating his common law rights.

6. The Defendant, Chief Danny Goodwin, was at all times mentioned herein acting individually and/or in his official capacity as Chief of the Shelbyville Police Department, and as such, established policies, either formally or by custom, for which he was responsible and which governed the employment, training, supervision, and conduct of the officers and employees of the Shelbyville Police Department, and which policies, either formally or by custom, were the moving force of the intentional, wanton, reckless, grossly negligent, and/or negligent violations of the Plaintiff's clearly established federal constitutional rights and state constitutional and common law rights.

**NATURE OF THE DEFENDANTS' CONDUCT**

7. The Defendants engaged in the conduct described below under the color of the law of the Commonwealth of Kentucky, and the City of Shelbyville. The individual Defendants named above knowingly participated or acquiesced in, contributed to, encouraged, implicitly authorized, or approved the conduct described below, individually and in their official capacities with the Shelbyville Police Department. The

3

offenses described below resulted from the following failures of the Shelbyville Police Department: failure to employ qualified persons for positions of authority; failure to properly or conscientiously train and supervise the conduct of such persons after their employment; and, failure to promulgate appropriate operating policies and procedures, either formally or by custom, to protect the constitutional rights of the Plaintiff. The Defendants' conduct was intentional, wanton, reckless, grossly negligent, and negligent and indicated actual malice toward the Plaintiff.

## FACTS

8. On Sunday, April 10, 2016, at approximately 2:30 a.m., Shelbyville Police Officers, Jason Hendrix and Austin Sasser, were dispatched to the Plaintiff's apartment, 94 Grayhawk Drive, Shelbyville, KY 40065, on a noise complaint.

9. The Plaintiff's mother, Elizabeth Easter ("Libby"), who resided in the same apartment as the Plaintiff, had called the police to report that the Plaintiff was listening to music on his laptop computer at too high of a volume.

10. After Libby informed the Plaintiff that she had called the police, and before Officers Hendrix and Sasser arrived at the residence, the Plaintiff turned the music down or turned it off. At that point in time, the alleged noise disturbance had ceased.

11. Subsequently, the officers arrived at the residence and knocked at the front door. Libby opened the door and told the officers there was no longer any noise disturbance.

12. The Plaintiff did not verbally menace or assume any threatening physical stance towards the officers; he did not provide any basis for the officers to reasonably believe or suspect that the Plaintiff posed a risk of violence or otherwise had committed or would imminently commit a crime.

13. After Libby told the officers that the noise disturbance had ceased, the Plaintiff stated to the officers that there was no noise and that they could leave.

14. Neither Libby nor the Plaintiff at any time gave consent to the officers to enter their apartment. Indeed, neither officer ever sought permission to enter the apartment.

15. Nevertheless, both Officers Hendrix and Sasser proceeded to unlawfully, and without probable cause, conduct a warrantless entry and search of the Plaintiff's home. No contraband was present in the apartment, much less was any contraband in plain view relative to the officers' position at the front door, and there were no exigent circumstances to excuse the warrantless and presumptively unreasonable entry into the Plaintiff's home.

16. The officers unlawfully and unreasonably restrained and detained the Plaintiff, without probable cause or reasonable suspicion that he had committed or imminently would commit a crime, and put handcuffs on the Plaintiff, in his own home.

17. At that time, the officers told the Plaintiff that he was not under arrest. They handcuffed the Plaintiff, "for his own safety," in the words of the officers.

18. During the Plaintiff's unlawful detention by the police in his home, he was seated at the kitchen table with Officer Sasser hovering over him.

19. The extent, scope, duration, and investigatory nature of the officers' presence in the apartment constituted an unlawful, unreasonable, warrantless search.

20. On information and belief, Officer Hendrix walked approximately thirty feet down a hallway into the bedroom of the Plaintiff's thirteen year-old daughter, Kaylee Easter ("Kaylee"). In those moments, the Plaintiff repeatedly told Officer Hendrix that he did not have permission to walk down the hallway or enter his daughter's bedroom.

21. Officer Hendrix neither had probable cause, plain view of any contraband, nor any basis in exigent circumstances to prolong and expand the scope of the already unlawful entry into and search of the Plaintiff's home.

22. Earlier in the night, before the noise complaint was reported, Kaylee and the Plaintiff had been in an argument. At the time of the unreasonable warrantless search of the premises by the police, Kaylee was still upset at the Plaintiff in the wake of that earlier argument.

23. Prior to the noise complaint, the Plaintiff had disciplined his daughter by confiscating her smartphone.

24. Upset that her phone had been confiscated, Kaylee, a large-statured young woman, physically struck, shoved, and briefly confined her father, the Plaintiff, in a corner in her bedroom. In response, the Plaintiff pushed her away, guiding her onto her bed, in self-defense and in exercise of his parental disciplinary privilege that is cognizable under Kentucky law where there is no substantial risk of physical injury to the child, as was the case with the actions of the Plaintiff.

25. By the time that the officers had arrived and conducted their unlawful and unreasonable warrantless entry into the apartment, Kaylee remained upset with the Plaintiff, her father.

26. Outside the presence of Kaylee's father and her grandmother, Libby, Officer Hendrix conducted an audio-recorded interview with Kaylee. Officer Hendrix asked the girl leading questions and elicited answers from her that were maliciously, intentionally, and wrongfully used by Officer Hendrix to incriminate the Plaintiff.

27. Solely on the basis of his interview with Kaylee, Officer Hendrix charged the Plaintiff with Assault in the Fourth Degree, Child Abuse.

28. Either subsequent to its conclusion, or during the interview, the Plaintiff was placed under arrest and removed from the apartment by Officer Sasser.

29. When he was escorted from the apartment to Officer Sasser's cruiser, the Plaintiff was upset and distressed after being maliciously and unreasonably arrested in his home.

30. The Plaintiff verbally protested while he was being escorted in handcuffs outside the apartment to the cruiser and, as a result, was charged with Disorderly Conduct in the Second Degree. According to the police officers, the basis for that charge arose strictly from the discrete episode stemming from his unreasonable, forcible removal from his residence to being detained in the police cruiser.

31. On information and belief, during the Plaintiff's transport to and/or booking in the Shelby County Detention Center ("the Jail"), Officer Hendrix or Officer

Sasser grabbed the hood of the Plaintiff's hoody and tightened it around his neck from behind, essentially turning it into a noose, and executed a chokehold that caused the Plaintiff to lose consciousness, in an unreasonable and unjustifiable display of excessive force.

32. On the basis of the charged offense, Assault in the Fourth Degree, Child Abuse, an enhanceable Class A Misdemeanor, the Plaintiff's bond was set at $2,500.00 at his arraignment in Shelby County District Court on April 12, 2016.

33. The Kentucky Rules of Criminal Procedure, Appendix A, Uniform Schedule of Bail, prescribes a bond of $250.00 for Class B Misdemeanors. Disorderly Conduct in the Second Degree is a Class B Misdemeanor.

34. At all times after the Plaintiff's arrest on April 10, 2016, Libby had the financial ability and willingness to post any bond associated with a standalone Second Degree Disorderly Conduct offense. She did not have the ability to pay the $2,500.00 bond that actually held the Plaintiff in jail until she finally was able to post that amount on May 3, 2016.

35. The Plaintiff remained incarcerated at the Jail for twenty-two days, from April 10 to May 3, 2016, when the Plaintiff was released.

36. Temporary custody of the Plaintiff's daughter, Kaylee, had been awarded to Libby after the Plaintiff was accused of assaulting his daughter on April 10, 2016.

37. Libby's posting of the Plaintiff's bond on May 3, 2016 was adjudicated by the Shelby County Family Court to be an act of neglect, and, accordingly, Kaylee was

removed from the apartment at 94 Grayhawk Drive, Shelbyville, KY 40065, where the Plaintiff would reside with Libby after his release from Jail.

38. As of the filing of this Complaint, the Plaintiff's rights with respect to Kaylee are restricted to supervised visitation.

39. In a one-day jury trial on October 12, 2016 in Shelby County District Court, the Plaintiff was acquitted of the offense of Assault in the Fourth Degree, Child Abuse.

40. The Plaintiff was convicted of the offense of Disorderly Conduct in the Second Degree.

41. During his twenty-two day pretrial detention at the Jail, and as the direct and proximate result of his unlawful incarceration, the Plaintiff lost his job, lost custody of his daughter, and experienced physical, emotional, and psychological injuries for which he continues to receive medical treatment as of the filing of this Complaint.

42. During the pendency, investigation, and prosecution of the offense of Assault in the Fourth Degree, Child Abuse, and as the direct and proximate result of the pendency, investigation, and prosecution of the offense of Assault in the Fourth Degree, Child Abuse, the Plaintiff lost his job, lost custody of his daughter, and experienced physical, emotional, and psychological injuries, for which he continues to receive medical treatment as of the filing of this Complaint.

43. As the substantial factor and direct and proximate result of the Defendants' intentional, wanton, and/or reckless violations of the clearly established federal constitutional rights of the Plaintiff, and intentional, wanton, reckless, grossly

negligent, and/or negligent violations of his state constitutional and common law rights, the Plaintiff was unlawfully and unreasonably detained and imprisoned, subjected to unreasonable and unjustifiable excessive force, wrongful investigation, prosecution, and incarceration, deprived of his right to be free from unreasonable searches in his home, and deprived of his rights of due process, which are guaranteed by the Fourth, Tenth, and Fourteenth Amendments to the United States Constitution and §§ 10 and 11 of the Kentucky Constitution.  Further, the Plaintiff suffered physical injury, extreme emotional distress, and mental anguish as the substantial, direct and proximate effect of the Defendants' violations of his constitutional and common law rights, for which he is entitled to recover actual, compensatory and punitive damages.

## CAUSES OF ACTION

### Count 1

Federal and State Constitutional violations

44. Paragraphs 1-43 above are herein incorporated by reference.

45. The Defendants' conduct was malicious, intentional, wanton, reckless, deliberate, grossly negligent, and/or negligent and violated the Plaintiff's clearly established constitutional rights to be free from unreasonable searches and seizures and to be free from deprivations of his rights of due process.  The Plaintiff's clearly established constitutional rights were subjected to the following violations by the Defendants:

  a. Unreasonable, warrantless entry and search of his home without probable cause;

b. Unreasonable, warrantless arrest and seizure of his person without probable cause;

c. Unreasonable, unjustifiable use of excessive force without probable cause;

d. False imprisonment without legal authority in violation of the Plaintiff's rights of due process, based on the wrongful, improper, and unjustifiable deprivation of the Plaintiff's liberty without a claim of reasonable justification, authority, or privilege; and

e. Malicious prosecution and unreasonable prosecutorial seizure, initiated by and participated in by the Defendants, without probable cause, causing the Plaintiff to suffer a deprivation of liberty in violation of his rights of due process, which was resolved in favor of the Plaintiff with a jury acquittal.

46. The Plaintiff believes and, after reasonable discovery, will show that the Defendants' conduct was not unusual, but was part of a continuing pattern of the Defendants' willfully and deliberately ignoring the rights of persons subject to the law enforcement authority and/or jurisdiction of the Shelbyville Police Department to be free from unreasonable searches and seizures. Such conduct is the result of customs and practices of the Shelbyville Police Department, either written or unwritten, which are systematically applied to all persons subject to its authority and/or jurisdiction. Such practices constitute an arbitrary use of government power and demonstrate a total, intentional, deliberate, reckless, and unreasonable disregard and indifference to the constitutional and common law rights of persons, including the Plaintiff, and the systematic and deliberate violations of those rights that are likely to result from the regular and systematic pursuit of such practices.

47. As a result of the foregoing, the Plaintiff, through the Defendants' intentional, wanton, reckless, and deliberate conduct, was unlawfully arrested, unlawfully imprisoned, subjected to the use of unjustifiable excessive force, and subjected to malicious prosecution, all of which commenced or concurred with the unlawful entry and search of his home, in violation of the Fourth, Tenth and Fourteenth Amendments of the Constitution of the United States and the Civil Rights Act of 1871, 42 U.S.C. § 1983, and §10 and §11 of the Kentucky Constitution. The Defendants' conduct was the substantial factor and direct and proximate cause of the Plaintiff's injuries, for which he is entitled to recover actual, compensatory, and punitive damages.

**Count 2**

Malicious prosecution

48. Paragraphs 1-47 herein are incorporated above.

49. The Defendants maliciously, intentionally, deliberately, and at their instance without probable cause, instituted and continued criminal proceedings against the Plaintiff, which were resolved in his favor. The Defendants' conduct was the substantial factor and direct and proximate cause of the Plaintiff's injuries, for which he is entitled to recover actual, compensatory, and punitive damages.

**Count 3**

False imprisonment

50. Paragraphs 1-49 herein are incorporated above.

51. The Defendants maliciously, intentionally, and deliberately detained and deprived the Plaintiff of his liberty, against his will, and did so wrongfully, improperly, and without a claim of reasonable justification, authority, or privilege. The Defendants' conduct was the substantial factor and direct and proximate cause of the Plaintiff's injuries, for which he is entitled to recover actual, compensatory, and punitive damages.

**Count 4**

Assault and Battery

52. Paragraphs 1-51 herein are incorporated above.

53. The Defendants intentionally, deliberately, wantonly, recklessly, and/or grossly negligently subjected the Plaintiff to unwanted, harmful physical contact, and caused the Plaintiff to be in apprehension of unwanted, harmful physical contact. The Defendants' conduct was the substantial factor and direct and proximate cause of the Plaintiff's injuries, for which he is entitled to recover actual, compensatory, and punitive damages.

**Count 5**

Outrage

54. Paragraphs 1-53 herein are incorporated above.

55. The Defendants conduct was so atrocious and intolerable that it exemplifies the tort of outrage. The Defendants' conduct was the substantial factor and direct and proximate cause of the Plaintiff's injuries, for which he is entitled to recover actual, compensatory, and punitive damages.

## DAMAGES

56. Paragraphs 1-55 above are herein incorporated by reference.

57. The physical, emotional, and economic injuries that the Plaintiff sustained as a result of the Defendants' conduct caused him to experience wanton and unnecessary pain and suffering and pecuniary damages, for which he is entitled to recover actual, compensatory, and punitive damages. The Defendants' violations of the Plaintiff's constitutional and common law rights indicated actual malice toward the Plaintiff. The Defendants maliciously, intentionally, deliberately, wantonly, recklessly, grossly negligently, and/or negligently violated the clearly established constitutional and common law rights of the Plaintiff. The Defendants' conduct justifies an award of punitive damages, in addition to the actual and compensatory damages to which the Plaintiff is entitled.

**WHEREFORE**, the Plaintiff, Michael B. Easter, demands as follows:
1. For judgment against the Defendants;
2. For actual, compensatory, and punitive damages;
3. For his costs herein expended;
4. For trial by jury; and
5. For all other relief to which the Plaintiff may appear to be entitled.

Respectfully submitted,


/s/ Christopher J. Hoerter
Christopher J. Hoerter
Coleman, Roles & Associates, PLLC
1009 South Fourth Street
Louisville, KY 40203
T (502) 584-8583
F (502) 584-1826
cjr.hoerter@gmail.com
*Counsel for Plaintiff*